OPINION
{¶ 1} Appellant Steven A. Justus appeals from his traffic conviction for driving under a suspended license ("DUS") in the Fairfield County Municipal Court. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 25, 2003, appellant was stopped on Memorial Drive in Fairfield County by an Ohio Highway Patrol trooper. He was thereupon arrested and charged with driving under multiple suspensions in violation of R.C. 4507.02. The matter proceeded to a bench trial on April 1, 2004.
 {¶ 3} The court found appellant guilty on two counts, despite his position at trial that he had not been notified of his previous license suspensions. The trial court's decision consisted of a two-part analysis. The court first found that appellant had never received actual notice of his suspensions from the BMV; the notices were all returned as "not deliverable as addressed — unable to forward." However, the court secondly concluded that appellant's actions or inaction regarding notifying BMV of his change of address were the primary cause of his lack of notice. Tr. at 58, 59.
 {¶ 4} Appellant was sentenced to thirty days in jail, with all days suspended on condition of two years' good behavior. Appellant was also fined $100 and ordered to pay costs.
 {¶ 5} Appellant filed a notice of appeal on April 6, 2004. He herein raises the following sole Assignment of Error:
 {¶ 6} "I. THere was insufficient evidence for [the] trial court to find defendant guilty of driving under suspension and the trial court's finding of guilty was against the manifest weight of the evidence."
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court's finding of guilty as to the charge of driving under suspension was based on insufficient evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 8} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 9} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 10} The crux of the present appeal is whether the lack of actual notice of suspension by the BMV to appellant warrants reversal of his conviction for DUS. Under Ohio law, the BMV must, unless another method is specified by law or the Administrative Code, give written notice of driver's license suspensions by regular mail sent to the last known address of the person whose license is suspended. State v. May (July 19, 1995), Ross App. No. 94CA2075, citing Ohio Adm. Code 4501:1-10-01(B).
 {¶ 11} The record in the case sub judice reveals that appellant renewed his driver's license at a deputy registrar's office on October 31, 2001. His signed application listed his address as "479-½ West Second Street, Logan, Ohio, 43138." On the right side of the application, the address of "POB 261, Logan, Ohio, 43138" is listed. At trial, the State called Mimi Shuttleworth, a criminal investigator for the BMV. Shuttleworth described the aforesaid addresses as the "street" address and the "mailing" address, respectively. Tr. at 22. Shuttleworth testified that a "mailing" address is entered by the deputy registrar by accessing a separate computer screen during the renewal process. Thus, "usually the deputy registrar will ask an individual if they have a separate mailing address." Tr. at 29.
 {¶ 12} Shuttleworth went on to testify to the State's exhibits showing that on March 20, 2002, the BMV sent notice to appellant at the P.O. Box 261 address indicating that his license had been suspended for "non-compliance." Tr. at 33, State's Exhibit 1. Also, on July 17, 2002, the BMV sent notice to appellant at the P.O. Box 261 address indicating that his license had been suspended in the Hocking County Municipal Court. Id. Both envelopes were returned stamped with "not deliverable as addressed — unable to forward." State's Exhibit 1. Additionally, Shuttleworth testified that she had accessed the computerized BMV records in 2004, shortly before the trial, and observed that appellant had still not changed the P.O. Box 261 mailing address on his records. Tr. at 27.
 {¶ 13} 4507.09(C) requires that "[e]ach person licensed as a driver under this chapter shall notify the registrar of any change in the person's address within ten days following that change. The notification shall be in writing on a form provided by the registrar and shall include the full name, date of birth, license number, county of residence, social security number, and new address of the person."
 {¶ 14} Appellant suggests that he did nothing to evade notice, and challenges the BMV's alleged passiveness towards sending additional notices to what he labels his "primary" address, i.e., 479-½ West Second Street. Nonetheless, upon review we hold there was sufficient evidence that BMV complied with the requisite notice requirements pursuant to the Revised Code and Ohio Administrative Code under the facts and circumstances of this case, and conclude that appellant's conviction was not contrary to the manifest weight of the evidence.
 {¶ 15} Appellant's sole Assignment of Error is overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.
Wise, J. Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.
Costs to appellant.